**Christopher D. PERRY, Appellant–Defendant**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 41A04–9404–CR–149.**

Court of Appeals of Indiana, Third District.

Nov. 16, 1994.

---

Roger A. Young, Franklin, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

GARRARD, Judge.

Christopher D. Perry (hereinafter Perry) appeals the revocation of his probation by the trial court. We affirm.

**1.** Perry's probation officer, Lori Sherwin, testified that she detected the odor of alcohol on his

## ISSUE

The sole issue presented for our review is whether Perry continued to be subject to the conditions of his probation during the "tolled" period between filing of the state's petition to revoke his probation and the final determination of the charge.

## FACTS

Perry pleaded guilty to Operating a Vehicle While Intoxicated with a Prior Conviction on February 2, 1991. The trial court sentenced him to three years partially suspended and three years of probation. The conditions of Perry's probation included that he refrain from possessing or consuming alcohol.

On August 16, 1993, the state filed a petition to revoke probation alleging that Perry tested positive for the presence of alcohol on August 13, 1993. At the hearing on November 24, 1993, Perry admitted this violation. The trial court ordered Perry to serve 60 days on home detention and continued his probation. On the same day, the state filed a second petition to revoke probation alleging that Perry again violated the conditions by testing positive for alcohol consumption.[1] The hearing on the second petition for revocation was held on January 26, 1994. At the second hearing the trial court revoked Perry's probation and ordered that he execute his three year suspended sentence, less time already served. (R. 43). Perry now appeals.

## DISCUSSION AND DECISION

Perry argues that his consumption of alcohol on November 24th, 1993 occurred during a time when his probation was tolled by operation of law. Appellant's brief, p. 6. Since his probationary period was tolled from August 16, 1993 until November 24, 1993, Perry claims that he was not subject to the conditions of probation when this violation occurred. Therefore, he asserts that the state cannot use his alcohol consumption on November 24th as the basis for revoking his probation.

breath after the revocation hearing. In fact, Perry registered .08 blood alcohol level. (R. 58).

Perry correctly points out that I.C. § 35–38–2–3 automatically tolls the period of probation when the state files a petition to revoke probation. In pertinent part, this statute reads:

(b) When a petition is filed charging a violation of a condition of probation, the court may:

(1) Offer a summons to be issued to the person to appear; or

(2) Order a warrant for the person's arrest if there is a risk of the person's fleeing the jurisdiction or causing harm to others.

(c) The issuance of a summons or warrant tolls the period of probation until the final determination of the charge. I.C. § 35–38–2–3(b), (c) (West Supp.1992).

We disagree, however, with Perry's contention that he was not subject to the conditions of his probation during the tolled period.

The purpose of I.C. § 35–38–2–3(c) is to grant a trial court power to revoke probation and order a person returned to jail when it determines that such person violated probation, even though the disposition regarding that violation occurs after the original term of probation has expired. *Slinkard v. State* (1993), Ind.App., 625 N.E.2d 1282, 1284 (holding that a trial court may not revoke probation for events occurring after the original term of probation where no violations occurred during the original period of probation). The statute's intent is to hold probationers responsible for violations of their probation, even if the final disposition of an alleged violation occurs after the original period of probation has expired.

Perry argues that the legislature intended to free probationers from the conditions of their probation during the time frame between filing a petition to revoke and the final disposition of this charge. Perry's position is nonsensical. The statute states that the *period* of probation is tolled. I.C. § 35–38–2–3(c). By its own terms, the statute does not suspend the conditions of probation. Instead, it affects the number of days a probationer will ultimately serve on probation. A probationer will remain on probation and subject to the conditions of his probation, but his probation period will not decrease daily during the period of time between the filing of a petition and final disposition of the matter. We refrain from imputing any other intention to the legislature without its clear directive.

In the case at bar, the statute tolled Perry's period of probation from August 16, 1993 until November 24, 1993. However, Perry remained on probation and subject to the conditions of his probation during that time. Thus when Perry consumed alcohol on November 24, 1993, he violated a condition of his probation. Probation is a conditional liberty that is a favor, not a right. It is a matter addressed to the sole discretion of the trial judge. *Johnson v. State* (1993), Ind. App., 606 N.E.2d 881, 882. We find that the trial court did not abuse this discretion by revoking Perry's probation after his second violation on November 24, 1993.

RILEY and RUCKER, JJ., concur.