**Sean P. JORDAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0207–CR–539.

Court of Appeals of Indiana.

May 9, 2003.

John T. Wilson, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Sean P. Jordan (Jordan), appeals the sentence imposed on him by the trial court.

We reverse.

### ISSUE

Jordan raises one issue on appeal, which we restate as follows: whether his sentence was manifestly unreasonable.[1]

### FACTS AND PROCEDURAL HISTORY

On January 28, 2001, Jordan shoplifted five boxes of cold medicine and a pair of gloves from a supermarket located in Elwood, Indiana. On February 4, 2001, the Elwood Police Department went to Jordan's house with information that he possessed precursors for the manufacture of methamphetamine. At this time, Jordan was living at his father's house, and the police received consent from Jordan's father to search the residence. As a result of the search, the police officers found Jordan's backpack, secreted in a backyard grill, with precursors and equipment to manufacture methamphetamine. Additionally, the police officers found precursors and methamphetamine in Jordan's bedroom.

On February 5, 2001, the State filed an information against Jordan, charging him with Count I, dealing in a scheduled II controlled substance, a Class B Felony, Ind.Code § 35–48–4–2(A)(1); Count II, possession of chemical reagents or precursors with intent to manufacture, a Class D felony, I.C. § 35–43–4–14.5; and Count III, theft, a Class D felony, I.C. § 35–43–4–2(A). On the same date, an initial hearing was held. At the hearing, Jordan entered a plea of not guilty. On February 14, 2001, a Bond Reduction hearing was held. At the hearing, the trial court reduced Jordan's bond to $2,000.00. On February 14, 2001, Jordan was released on bond.

On May 21, 2001, the State filed an additional information against Jordan charging him with Count IV, possession of a scheduled II controlled substance, a Class D felony, I.C. § 35–48–4–7. On June 20 and June 25, 2001, Jordan filed a Motion for Continuance of Jury Trial set for June 26, 2001. The trial court granted Jordan's motion and reset the trial for September 25, 2001. On September 25, 2001, the trial court again rescheduled Jor-

---

1. On July 19, 2002, our Supreme Court amended Appellate Rule 7(B) effective January 1, 2004. The rule is directed to the reviewing court and sets forth the standard for that review. That review is made as of the date the decision or opinion is handed down. Accordingly, although the sentence here was imposed prior to January 1, 2003, our review takes place as of this date and the "inappropriate" test is therefore applied.

dan's trial to February 5, 2002, due to court congestion.

On December 20, 2001, Jordan's attorney filed a Notice of No Contact, asserting that Jordan had not maintained contact with her. On January 23, 2002, a contempt hearing was held. At the hearing, Jordan was released to his father, and the trial was rescheduled for May 14, 2002.

On April 22, 2002, a dispositional hearing was held and Jordan entered a plea of guilty. Pursuant to the plea agreement, Jordan pled guilty to Count I, dealing in a scheduled II controlled substance, a Class B felony. Counts II, III and IV were dismissed. On May 13, 2002, a sentencing hearing was held. At the hearing, the trial court sentenced Jordan to the Indiana Department of Correction for a period of twenty years executed.

Jordan now appeals.

## DISCUSSION AND DECISION

Jordan argues that his sentence is manifestly unreasonable. Specifically, Jordan maintains that the aggravating circumstances cited by the trial court do not justify a sentence in excess of the presumptive sentence. Alternatively, the State argues that the trial court properly applied the aggravating factors in enhancing Jordan's sentence.

A sentence that is authorized by statute will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Buchanan v. State*, 767 N.E.2d 967, 972–73 (Ind.2002); *Rodriguez v. State*, 785 N.E.2d 1169, 1179 (Ind.Ct. App.2003). When considering the appropriateness of the sentence for the crime committed, courts should initially focus upon the presumptive sentence. *Rodriguez*, 785 N.E.2d at 1179. Trial courts may then consider deviation from the presumptive sentence based upon a balancing of the factors, which must be considered

pursuant to I.C. § 35–38–1–7.1(a) together with any discretionary aggravating and mitigating factors found to exist. *Id.*

In the present case, Jordan was sentenced to twenty years for dealing in a scheduled II controlled substance, a Class B felony. The presumptive sentence for a Class B felony is ten years, with not more than ten years added for aggravating circumstances, and not more than four years subtracted for mitigating circumstances. *See* I.C. § 35–50–2–5. Thus, the trial court sentenced Jordan to the maximum sentence of twenty years for his conviction. In support of its sentence, the trial court noted the following as aggravating factors in its Order on Sentence:

> Defendant's prior criminal history; Defendant recently violated bond in this cause, both by submission of positive urine drug screen, and the filing of new criminal allegations in 48D03–0203–FD–102; defendant is in need of correctional rehabilitative treatment that can best be provided by his commitment to a penal facility.

(Appellant's App. p. 34). The only mitigating factor recognized by the trial court was that Jordan pled guilty to Count I.

■ When reviewing whether a defendant was properly sentenced, we consider whether the sentence is appropriate considering the "nature of the offense" and the "character of the offender." App. R. 7(B); *Rodriguez*, 785 N.E.2d at 1174. First, Jordan disputes the imposition of the maximum possible sentence by challenging the trial court's assessment of the severity of his prior criminal history. Specifically, Jordan contends that his sentence was manifestly unreasonable given the fact that there is no record of violence or physical injury in his prior criminal history or the present offense. Jordan maintains that the primary focus of the sentencing

court should have been rehabilitation rather than retribution.

In considering the "nature of the offense", the maximum enhancement permitted by law should be reserved for the very worst offenses and offenders. *See Borton v. State*, 759 N.E.2d 641, 648 (Ind.Ct.App. 2001). Here, the trial court properly found that Jordan had committed other offenses in the past. However, Jordan's history of criminal activity was limited to juvenile adjudications. These adjudications would have constituted the misdemeanor offenses of public intoxication and illegal consumption of alcohol and the felony of theft, if they were committed by an adult. The record also reveals that neither Jordan's prior offenses nor his present offense were violent.

■ Nevertheless, our decisional law requires that the trial courts identify all "significant" aggravating circumstances. *See e.g., Widener v. State*, 659 N.E.2d 529 (Ind.1995); *Hammons v. State*, 493 N.E.2d 1250 (Ind.1986). Significance varies based on the gravity, nature and number of prior offenses as they relate to the current offense. *Wooley v. State*, 716 N.E.2d 919, 932 (Ind.1999). Therefore, a criminal history comprised of a prior conviction for operating a vehicle while intoxicated may rise to the level of a significant aggravator at a sentencing hearing for a subsequent alcohol-related offense. *Wooley*, 716 N.E.2d at 932. However, this criminal history does not command the same significance at a sentencing hearing for murder. *Id.*

Here, Jordan was charged with dealing in a schedule II controlled substance, possession of chemical reagents or precursors with intent to manufacture and possession of a schedule II controlled substance. However, pursuant to a plea agreement, Jordan was only convicted of dealing. The record reveals that Jordan's prior juvenile adjudications were for both theft and illegal consumption of alcohol. Additionally, the record reflects that while Jordan was on probation for this offense, he was subsequently charged with possession of precursors in the manufacture of methamphetamine. This is the same offense that Jordan was charged in the present case. Therefore, we find that the trial court properly considered Jordan's prior criminal history as an aggravator because it substantially relates to the present offense. *See Wooley*, 716 N.E.2d at 932.

■ Next, Jordan asserts that the trial court violated his constitutional rights by failing to consider alternatives to incarceration. Specifically, Jordan invited the trial court to consider the fact that he had an extensive drug habit at the time he committed the crime and, accordingly, he asked for treatment as an alternative to incarceration. The record reflects that the trial court was aware that Jordan had an extensive drug habit. In particular, Jordan violated his bond by failing to submit a negative urine drug screen. However, the record is devoid of evidence that Jordan received treatment for his substance abuse. Although Jordan entered into a plea agreement as part of his guilty plea, the trial court was able to consider alternatives to incarceration such as treatment. *See Munger v. State*, 420 N.E.2d 1380 (Ind.Ct.App.1981) (stating that the trial court is not precluded, before deciding whether to reject or accept a tendered plea agreement, from invoking drug abuse treatment provision under statute relating to continuance of drug-related charge). Therefore, we find that the trial court erred in considering Jordan's drug habit as an aggravating circumstance without considering alternative drug abuse treatment programs.

■ Lastly, the trial court found as a third aggravating circumstance that "the defendant was in need of correctional and

rehabilitative treatment that could best be provided in a penal facility." (Appellant's Br. p. 34). Every executed sentence entails incarceration. *Wooley*, 716 N.E.2d at 930 (Ind.1999). The question is whether extended incarceration is appropriate. *Id.* Thus, for this aggravating circumstance to justify in part an enhanced sentence, it must be understood to mean that Jordan is in need of correctional and rehabilitative treatment that can best be provided by a period of incarceration in a penal facility in excess of the presumptive sentence term. There is no evidence to support the conclusion that Jordan is in need of treatment beyond the presumptive term. *See Cf. Robey v. State*, 555 N.E.2d 145, 150–51 (Ind.1990) (discussing requirement of a specific and individualized statement of the reasons supporting an enhanced sentence). The trial court did not provide a specific or individualized statement of reason why Jordan was in need of time in a penal institution in excess of the presumptive sentence. Accordingly, it is our determination that the trial court improperly considered this as an aggravating circumstance.

Nevertheless, we find that the trial court did find other significant aggravators in enhancing Jordan's sentence. As our supreme court has previously stated, "a single aggravating circumstance may justify the imposition of the maximum sentence in some cases." *Wooley*, 716 N.E.2d at 921. Although the enhanced sentence is justified, we find that the maximum sentence imposed is extreme given the character of the defendant. When enhancing a sentence, we must also consider whether the sentence is appropriate given the "character of the offender." *See* App. R. 7(B); *See Rodriguez*, 785 N.E.2d at 1174. Taking into consideration Jordan's youth; his extensive drug habit; the non-violent nature of his prior and present offense; and Jordan's request for drug treatment in lieu of retribution, the maximum sentence imposed by the trial court was inappropriate. Here, the nature of the offense supports an enhanced sentence, but the character of the offender does not.

When reviewing sentences for reasonableness, we are mindful of the principle that "the maximum sentence enhancement permitted by law should be reserved for the very worst offenses and offenders." *Brown v. State*, 760 N.E.2d 243, 245 (Ind. Ct.App.2002). We find that Jordan does not fall into this category. Therefore, with the above in mind, we find that the maximum sentence imposed by the trial court was inappropriate.

## CONCLUSION

Based on the foregoing, we conclude that the trial court abused its discretion in sentencing Jordan to the maximum sentence of twenty years. Accordingly, we reduce Jordan's sentence to the Indiana Department of Correction to fifteen years.

Reversed for re-sentencing purposes.

BAKER, J., and MATHIAS, J., concur.