Timothy Kevin ADDINGTON,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–0612–CR–1093.

Court of Appeals of Indiana.

July 16, 2007.

Robert K. Cowles, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Following a hearing on the State's notice of probation violation, the trial court revoked Timothy Addington's probation. Addington presents two issues for our review:

1. Whether the trial court erred when it revoked his probation.

2. Whether the trial court abused its discretion when it sentenced him.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In September 2003, Addington pleaded guilty to Possession of a Controlled Substance, as a Class D felony, and Possession of Marijuana, as a Class A misdemeanor. The trial court sentenced him to thirty months on the first count and twelve months on the second count, to run concurrently. The trial court suspended the entire sentence to probation, which was to terminate on May 25, 2006.

On April 11, 2006, the State filed a notice of probation violation, alleging that on April 5, 2006, Addington had been charged with possession of a controlled substance, as a Class D felony; he was alleged to have been under the influence of a controlled substance on that date; and he failed to report his arrest to his probation officer within forty-eight hours of that arrest. Addington admitted to each of the alleged violations at a hearing. Further, Addington requested that any sentence imposed on the revocation of his probation be stayed and that he be permitted to "go to drug court." Transcript at 28.

On June 1, 2006, the trial court found that Addington had violated the terms of his probation and revoked his probation. But the trial court withheld sanctions pending Addington's completion of the drug court program. When Addington was arrested on new charges in October, his participation in the drug court program was terminated. Following a hearing on November 9, the trial court lifted the stay of sanctions and reinstated twenty-four months of his previously-suspended thirty-month sentence. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Probation Revocation

Addington contends that the trial court was without jurisdiction to impose sentence on the probation revocation after his participation in the drug court program was terminated. In particular, he maintains that "the length of the original probation plus the Drug Court program extension exceeded the maximum allowable sentence by at least six (6) months." Brief of Appellant at 12. As such, Addington contends that the trial court's order, "and its extension[,]" were "void ab initio." *Id.* We cannot agree.

In support of his contention on this issue of first impression, Addington directs us to Indiana Code Section 35-38-2-3(c), which provides that the issuance of a summons or warrant tolls the period of probation until the final determination of the charge. Addington asserts that the trial court made a final determination on his probation revocation on June 1, 2006. As such, he contends that that final hearing "effectively ended [his] probation violation and probationary period" under the statute. Brief of Appellant at 12. Addington maintains that the trial court lacked jurisdiction to revoke his probation after June 1, 2006.

But we disagree that the trial court's June 1, 2006, order constituted a final determination of the probation revocation. Indeed, the trial court specifically withheld sanctions "pending defendant's admission and successful completion of drug court." Appellant's App. at 4. The trial court's order tolled Addington's probationary period until the trial court made a final determination in the case on November 9, 2006, when the trial court imposed twenty-four months of the suspended sentence. *See* I.C. § 35-38-2-3(c).

We find additional support for our holding in *Debro v. State*, 821 N.E.2d 367 (Ind.2005). In *Debro*, the defendant challenged the trial court's "deferred sentence" following his guilty plea. The trial court had withheld the imposition of judgment on the defendant's plea pursuant to

an Agreed Deferred Sentencing Agreement. *Id.* at 370. That Agreement provided that the trial court would not enter judgment or sentence if the defendant complied with certain conditions, including a Batterers Treatment Program. *Id.* at 369. The defendant did not comply with those conditions, and following a hearing, the trial court entered judgment of conviction and imposed sentence. *Id.* at 370.

On appeal, Debro challenged the Agreement as void ab initio. Our Supreme Court disagreed, stating:

> In this case, ... the plea agreement contemplates not a "withheld" judgment but that no judgment would ever be entered. If Debro had fulfilled the terms of his agreement, then the charge to which he pleaded guilty would have been dismissed. The agreement was thus in clear violation of I.C. [§ ] 35–38–1–1(a). That does not mean however that Debro is entitled to relief. A plea agreement is contractual in nature, binding the defendant, the State and the trial court. *Pannarale v. State,* 638 N.E.2d 1247, 1248 (Ind.1994). As we recently explained, "[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy. Striking a favorable bargain including a consecutive sentence the court might otherwise not have the ability to impose falls within this category." *Lee v. State,* 816 N.E.2d 35, 40 (Ind.2004) (quotation omitted). Withheld judgments and deferred sentences fall into this category as well. The agreement Debro reached with the State provided him with a significant benefit: the possibility of no criminal conviction for his admitted criminal conduct. *Having failed to fulfill his part of the agreement, Debro may not now be heard to complain.*

*Id.* at 372 (footnote omitted, emphasis added).

Here, Addington does not dispute that the trial court had jurisdiction to revoke his probation and impose sentence at the June 1, 2006, hearing. And he expressly requested that the trial court withhold sanction and allow him to participate in the drug court program. Thus, we agree with the State that the sanction remained unresolved pending the outcome of Addington's participation in the drug court program and no final determination was made until the court actually imposed the sentence. Addington cannot now complain that the trial court's imposition of sentence following the termination of his participation in drug court was untimely.

### Issue Two: Sentence

 Addington also contends that the trial court abused its discretion in sentencing him. But Addington did not appeal his sentence within thirty days after sentencing, nor did he request permission to file a belated notice of appeal. *See* Ind. Appellate Rule 9(A)(1); Ind. Post–Conviction Rule 2(1). Instead, in this appeal from the revocation of his probation, Addington asserts an impermissible collateral attack on his underlying sentence. We do not have jurisdiction to entertain this issue. *See Schlichter v. State,* 779 N.E.2d 1155, 1157 (Ind.2002).

Affirmed.

RILEY, J., and BARNES, J., concur.