**Robert L. COMER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 46A05–0912–CR–718.**

Court of Appeals of Indiana.

Nov. 15, 2010.

Donald W. Pagos, Michigan City, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Following a hearing on the State's notice of probation violation, the trial court revoked Robert L. Comer's probation and imposed sentence on two counts pursuant to Comer's plea agreement. We consider two issues on appeal:

1.  Whether the court abused its discretion when it sentenced Comer following his convictions.

2.  Whether the court abused its discretion when it ordered him to serve the balance of his sentences upon the revocation of his probation.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On December 30, 2005, the State charged Comer by information with possession of cocaine with intent to deliver, as a Class A felony, and with use of a firearm in a controlled substance offense, as sentence enhancement under Indiana Code Section 35-50-2-13. On January 31, 2008, the State tendered a plea agreement to the trial court. Following a hearing on February 5, 2008, the court took the plea agreement and Comer's admissions under advisement. At a hearing on March 6, the court accepted the plea agreement and sentenced Comer, pursuant to the terms of the agreement, as follows:

> The Court having taken under advisement the defendant's plea of guilty to Count I, the lesser-included offense of Possession of Cocaine with Intent to Deliver, (aiding and abetting) a Class B Felony, the Court now accepts the tendered Plea Agreement and Guilty Plea. The Court finds the defendant is guilty of Possession of Cocaine with Intent to

Deliver, Class B Felony, and sentences the defendant to the Department of Correction for classification and confinement for a determinate period of fifteen (15) years, with five (5) years suspended and defendant placed on probation supervision. The suspended portion of the defendant's sentence shall be served first.

\* \* \*

If the defendant has complied with the terms and conditions of his probation, he may file a petition for modification, to suspend his ten-year sentence, and the State will recommend that the balance of the sentence be suspended.

As to the allegation of Use of a Firearm in a Controlled Substance Offense, the defendant waives his right to be sentenced within 30 days and the cause will be continued for sentencing to the last day of the sentence imposed under Count I. If on the last day of the defendant's term of probation, including any modification granted to the defendant following the initial period of probation on Count I, the Court determines that the defendant had complied with probation, the State will move to dismiss the allegation of Use of a Firearm in a Controlled Substance Offense, which motion shall be granted by the Court. However, if the Court determines that the defendant violated his terms and conditions of probation, then the Court will sentence the defendant for Use of a Firearm in a Controlled Substance Offense, as provided under I.C. 35–52–2–13.

Appellant's App. at 13–14.

On August 19, 2009, the State filed a petition to revoke Comer's probation, and on October 2 it filed an amended petition to revoke probation. On October 1, following a revocation hearing, the court took the matter under advisement. And on November 12, 2009, the court entered an amended order revoking Comer's probation and sentencing him as follows:

Defendant's sentence of fifteen (15) years is ordered fully executed. In addition, the sentencing enhancement for Use of a Firearm in a Controlled Substance Offense, Defendant's sentence of five (5) additional years in the Department of Correction is also [to be] executed for a total of twenty (20) years to be executed in the Department of Correction.

*Id.* at 17. Comer now appeals.

## DISCUSSION AND DECISION

In his brief, Comer questions whether the sentence imposed by the trial court based upon a petition to revoke probation was "reasonable" given that he "did not commit the worst offense nor was [he] the worst offender." Appellant's Brief at 1. We cannot discern from Comer's discussion whether he is challenging the imposition of the maximum sentence following his convictions, the order that he serve the remainder of his sentence following the revocation of probation, or both. An appellant waives an issue for the failure to support it with cogent argument. Ind. Appellate Rule 46(A)(8)(a). Waiver notwithstanding, we exercise our discretion to address the merits of both issues.

### Issue One: Sentence following Convictions

██ Comer contends that the court should not have imposed the maximum, twenty-year sentence for the Class B felony offense because Comer's was not the worst offense and he is not the worst offender. We initially note that Comer was given a unique opportunity when the trial court ordered him to serve his probation first and, possibly, to avoid incarceration altogether. But Comer wasted that opportunity when he violated the terms of his probation. And, while he was serving probation, the period for filing an appeal

expired. In other words, the sentence now appealed was imposed following the revocation of probation and pursuant to the terms of Comer's plea agreement. Comer did not appeal his sentence within thirty days after sentencing, nor did he request permission to file a belated notice of appeal. *See* Ind. Appellate Rule 9(A)(1); Ind. Post–Conviction Rule 2(1). Thus, to the extent Comer is challenging the sentence imposed following his convictions, his appeal constitutes an impermissible collateral attack on his underlying sentence, and we do not have jurisdiction to entertain that issue. *See Addington v. State,* 869 N.E.2d 1222, 1224 (Ind.Ct.App.2007). Moreover, upon revocation of Comer's probation, the court sentenced him pursuant to the terms of his closed plea agreement. Comer may not challenge the sentence so imposed. *See Sholes v. State,* 878 N.E.2d 1232, 1234 (Ind.2008) (" 'closed' plea for a fixed sentence thus precludes the defendant from challenging his resulting sentence by direct appeal, whether timely or belated.") Thus, we do not have jurisdiction to entertain Comer's challenge, if any, to the sentence originally imposed.[1]

### Issue Two: Revocation of Probation

 We also consider whether the trial court abused its discretion when it ordered Comer to serve the balance of his sentence following the revocation of probation. Our Supreme Court has explained that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Prewitt v. State,* 878 N.E.2d 184, 187 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the

logic and effect of the facts and circumstances. *Id.* Furthermore, "the judge should have considerable leeway in deciding how to proceed." *Id.* Consequently, so long as proper procedures have been followed, the trial court may order execution of a suspended sentence after finding a violation by a preponderance of the evidence. *Goonen v. State,* 705 N.E.2d 209, 212 (Ind.Ct.App.1999). The consideration and imposition of any alternatives to incarceration are "matter[s] of grace" left to the discretion of the trial court. *Monday v. State,* 671 N.E.2d 467, 469 (Ind.Ct.App. 1996).

Here the trial court afforded Comer with an extraordinary opportunity to avoid incarceration altogether. But less than five months into his probation, he committed new offenses that resulted in three new causes being filed. Specifically, Comer was charged with resisting law enforcement, battering a police officer, and public intoxication. His disrespect for the rule of law and his fellow citizens is evident, as is his unwillingness to comply with the terms of probation even where he could avoid incarceration altogether by doing so. Under these circumstances, we conclude that the trial court did not abuse its discretion when it imposed the balance of the suspended sentence.

Affirmed.

BAKER, C.J., and MATHIAS, J., concur.

---

1. We also note the inaccuracy of his characterization of the sentence imposed as the maximum sentence for a Class B felony. The maximum sentence for that class of offenses is indeed twenty years. Ind.Code § 35–50–2–3. But Comer was sentenced to fifteen years for the Class B felony. The court enhanced that sentence by five years pursuant to Indiana Code Section 35–50–2–13. The enhancement of a sentence pursuant to statute does not affect where the sentence on the underlying offense falls within the statutory range.