Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**DAVID W. STONE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

FILED
Feb 14 2012, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM K. AYNES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1106-CR-517 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause No. 48C01-0905-FD-270

**February 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant–Respondent, William K. Aynes (Aynes), appeals the trial court's order revoking his probation.

We affirm.

## ISSUE

Aynes raises two issues on appeal, which we consolidate and restate as follows: Whether the trial court abused its discretion in revoking Aynes' probation and ordering him to serve the remainder of his sentence.

## FACTS AND PROCEDURAL HISTORY

On May 26, 2009, the State charged Aynes with auto theft, a Class D felony, Ind. Code § 35-43-4-2.5(b)(1). Following a plea agreement, Aynes was sentenced to three years with one year executed on work release and two years suspended to probation. Aynes began work release on October 29, 2009. However, his work release privilege was subsequently revoked for multiple violations of his work release rules, including a second positive drug screen. As a result, the trial court ordered Aynes to serve 18 months of his previously suspended sentence at the Indiana Department of Correction and to subsequently return to probation. On July 19, 2010, Aynes began his probation under the conditions of not violating the laws of the United States and Indiana, behaving well in society, and being subject to a curfew from midnight to 6 a.m.

Around 3 a.m. on April 5, 2011, Officer Douglas Rolfs (Officer Rolfs) with the Anderson police department responded to a report of battery. He encountered Crystal Lagle (Lagle) in a parking lot near Lagle's house. Lagle told Officer Rolfs that Aynes

2

and she had argued at her house before she called the police. According to Lagle, during her argument with Aynes, Aynes had struck Lagle in the nose and "bear hugged" her, causing her pain. (Transcript p. 9). Aynes later left Lagle's house to get food for Lagle upon her request. When Officer Rolfs escorted Lagle home, they encountered Aynes, who had also returned to Lagle's house and was parking Lagle's car in the driveway. Officer Brandon Grant (Officer Grant) arrived at Lagle's house and watched over Aynes while Officer Rolfs interviewed Lagle. The Officers arrested Aynes after the interview. On April 8, 2011, the State filed a notice of probation violation, alleging that Aynes had violated his probation by committing domestic battery, criminal confinement, and by breaking his curfew.

At the evidentiary hearing held on May 16, 2011, Officers Rolfs and Grant testified that Aynes was away from his own residence at the time of Aynes' arrest. Moreover, Aynes' probation officer testified that Aynes' curfew time was midnight to 6 a.m., and that Aynes violated his curfew by being at Lagle's house after midnight. Aynes also admitted that he had violated his curfew. At the end of the hearing, the trial court found that Aynes had violated his probation. Consequently, the trial court revoked Aynes' probation and ordered him to serve 540 days in the Department of Correction.

Aynes now appeals.

### DISCUSSION AND DECISION

Aynes argues that the trial court improperly revoked his probation because the revocation was not supported by sufficient evidence and because the trial court abused its discretion by imposing the previously suspended sentence.

3

On appeal, we review a trial court's probation revocation decision for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Turner v. State*, 953 N.E.2d 1039, 1045 (Ind. 2011). In reviewing a trial court's revocation decision, we do not reweigh the evidence or judge the credibility of witnesses. *Mogg v. State*, 918 N.E.2d 750, 759 (Ind. Ct. App. 2009). We only consider the evidence most favorable to the judgment, and we will affirm the trial court's revocation decision when finding substantial evidence supporting the trial court's revocation decision. *Woods*, 892 N.E.2d at 639-40.

## I. *Probation Violation*

In Indiana, probation revocation is a two-step process. First, the trial court should determine whether a violation of probation has actually occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Upon proving a probation violation, the trial court then must decide whether the violation warrants the probation revocation. *Id*. When a probationer admits to a violation, the trial court will proceed directly to the second step of the revocation process. *Id.*

Aynes first asserts that the trial court's decision to revoke his probation was not supported by sufficient evidence. He contends that the Officers' testimony on domestic battery and criminal confinement was inadmissible hearsay as it was based on Lagle's statement.

Probation is not a right to which a criminal defendant is entitled, but a matter of grace left to the trial court's decision. *Prewitt*, 878 N.E.2d at 188. A trial court has

4

discretion to revoke probation if a violation of a probation condition occurs during the probationary period. I.C. § 35-38-2-3(a)(1); *Cooper v. State*, 917 N.E.2d 667, 671 (Ind. 2009). Violation of a single probation condition is sufficient to support a revocation. *Richardson v. State*, 890 N.E.2d 766, 768 (Ind. Ct. App. 2008).

We do not need to address Aynes' hearsay argument because other evidence establishes that Aynes violated his curfew and violation of a single probation condition is sufficient to support the revocation of Aynes' probation. On April 5, 2011, at 3:20 a.m., Aynes violated his curfew by leaving his residence and going to Lagle's house. Testimony by Officers Rolfs and Grant revealed that Aynes was away from his own residence after midnight. In addition, Aynes' probation officer testified that Aynes' curfew time is midnight to 6 a.m. Most importantly, Aynes also admitted his curfew violation in the hearing.

## II. *Sentence*

Next, Aynes argues that the trial court abused its discretion by imposing his entire previously suspended sentence for his curfew violation because "[a] single curfew violation is entirely too *de minims* a violation to justify the sanction of full revocation" (Appellant Br. p. 7). In support of his argument, Aynes directs our attention to evidence in the record establishing his full payment of all fees, his G.E.D. completion, his full-time employment, and the reasonableness of his home detention request.

Upon finding a probation violation, a trial court may keep the probationer on probation, extend the terms of probation, or order execution of all or part of the previously suspended sentence. I.C. § 35-38-2-3(g). We have previously noted that a

5

trial court did not abuse its discretion in ordering a defendant to serve the remainder of his sentence when the defendant showed unwillingness to comply with the terms of probation even where he could avoid incarceration altogether by doing so. *Comer v. State*, 936 N.E.2d 1266, 1269 (Ind. Ct. App. 2010), *trans. denied*. Aynes' probation violation in this case is not his first failure to take advantage of the rehabilitation opportunities offered to him. Prior to this instant probation violation, Aynes' work release privileges were revoked because of multiple violations of work release rules, including a second positive drug screen. A record of repeated rehabilitation failure indicates that Aynes has no respect for the law and for the opportunities afforded him, and that he has no desire to conform his conduct to that of a law abiding citizen. *See Milliner v. State*, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008). Therefore, we find that the trial court acted within its discretion to order Aynes to serve his remaining sentence.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in revoking Aynes' probation and ordering him to serve the remainder of his sentence.

Affirmed.

FRIEDLANDER, J. and MATHIAS, J. concur