Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jul 26 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

**IN THE
COURT OF APPEALS OF INDIANA**

TIMOTHY STEVENSON, JR., )
)
    Appellant-Defendant, )
)
       vs. )     No. 48A04-1111-CR-655
)
STATE OF INDIANA, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-1002-FB-051

**July 26, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Timothy Stevenson, Jr. ("Stevenson") appeals the revocation of his probation and the trial court's decision to order him to serve his previously suspended sentence.

We affirm.

**Facts and Procedural History**

On February 9, 2010, the State charged Stevenson with two crimes: Class B felony burglary and Class D felony theft. On June 2, 2010, Stevenson entered into a plea agreement under which he pleaded guilty to both charges. He was sentenced to concurrent terms of ten years for Count I, burglary, and eighteen months for Count II, theft, with credit for 133 days for time served. The trial court suspended the remaining sentence and Stevenson was placed on probation for nine years and 139 days. One year was to be served on in-home detention.

On September 3 and December 23, 2010, the Madison County Probation Department filed Petitions for Termination of Home Detention on the grounds that Stevenson failed to pay requisite in-home detention fees. On June 10 and September 7, 2011 the probation department filed Notices of Violation of Probation for Stevenson's alleged violation of curfew and for committing new crimes, respectively. The State alleged that Stevenson committed Class A misdemeanor domestic battery and Class A misdemeanor interfering with reporting a crime.

Specifically, in the early morning hours of August 2, 2011, Stevenson was at his wife's residence. Stevenson and his wife, Rose Anderson ("Anderson") lived at different locations. Stevenson was intoxicated and fell out of bed at approximately 5:00 a.m. Anderson attempted to assist Stevenson back into bed. Stevenson then shoved Anderson

and placed his hands around her neck. As a result of the contact, Anderson received a bruise on her upper right thigh and pain in her cheek.

When Anderson attempted to contact the police, Stevenson grabbed Anderson's phone and broke it in half. Stevenson was on probation at the time of the incident. Conditions of Stevenson's probation included a prohibition from consuming alcohol or drugs, committing new crimes or being anywhere other than his residence from 12:00 a.m. to 6:00 a.m. Appellant's App. p. 14.

A hearing was held on October 17, 2011 regarding the alleged probation violations. The trial court revoked Stevenson's probation and ordered him to serve the remainder of his previously suspended sentence. Specifically, the court "[found] that [Stevenson] violated conditions of his probation in that he violated his curfew; committed domestic battery; [and] interfered with the reporting of a crime." Tr. pp. 57-58. Stevenson filed a Notice of Appeal on November 16, 2011.

### I. Sufficiency of the Evidence

Stevenson first argues that the evidence presented by the State was insufficient to support the trial court's revocation of his probation. Our standard of review for a claim of sufficiency of the evidence is well settled. We consider only the evidence most favorable to the trial court's judgment without reweighing the evidence or reassessing the credibility of witnesses. Smith v. State, 963 N.E.2d 1110, 1112 (Ind. 2012). We will affirm the trial court's decision regarding probation revocation if substantial evidence of probative value exists to support the trial court's conclusion. Id.

Probation is a criminal sanction where a defendant accepts conditions upon his or her behavior as a substitution for imprisonment. Bonner v. State, 776 N.E.2d 1244, 1247 (Ind. Ct. App. 2002), trans denied. The State is required to prove probation violations by a preponderance of the evidence rather than the criminal burden of proof beyond a reasonable doubt. Smith, N.E.2d at 1112 (citing Cox v. State, 706 N.E.2d 547, 551 (Ind. 1999)). Decisions on whether to revoke probation are at the sole discretion of the trial court. Johnson v. State, 606 N.E.2d 881, 882 (Ind. Ct. App. 1993).

To revoke Stevenson's probation, the State was required to show that Stevenson violated a condition of his probation. Specifically, the State asserted that Stevenson committed new crimes of domestic battery and interfering with reporting a crime and that he violated his curfew. Any one of these violations, if proved by a preponderance of the evidence, would be independently sufficient to show a probation violation. See Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005) ("The violation of a single condition of probation is sufficient to permit a trial court to revoke probation.").

Stevenson admitted that he was at his wife's residence at 5:00 a.m. on August 2, 2011, which is prohibited by the conditions of his probation:

> STATE: So clearly you were not at [your address] at 5 a.m., were you?
> STEVENSON: No.
> STATE: So that's a curfew violation, correct?
> STEVENSON: Yes.

Tr. p. 51. Madison County probation officer Tony New testified that Stevenson had a previous curfew violation in May 2011, while Stevenson was on probation. Tr. p. 44. Stevenson's admission to the curfew violation is independently sufficient to establish that

4

he violated a condition of his probation. See Parker v. State, 676 N.E.2d 1083 (Ind. Ct. App. 1997) ("[The defendant's] admission supports the trial court's finding that a violation occurred").

Regarding the domestic battery charge, the State was required to show by a preponderance of the evidence that Stevenson "knowingly or intentionally" touched Anderson in a "rude, insolent, or angry manner that result[ed] in bodily injury[.]" Ind. Code § 35-42-2-1.3. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). Conduct is performed "intentionally" if "it is [the actor's] conscious objective to do so." Ind. Code § 35-41-2-2(a). Determination of whether a defendant acted knowingly or intentionally is to be determined by the trier of fact. Price v. State, 600 N.E.2d 103 (Ind. Ct. App. 1992), affirmed in part, vacated in part, 622 N.E.2d 954 (Ind. 1993).

A reasonable trier of fact could conclude that Stevenson committed domestic battery. Anderson testified that she attempted to assist Stevenson into bed after he fell out of it. She testified that Stevenson's response to her actions was that he "kind of shoved [her] and pushed [her] to the wall. He was just being really rude to [her]." Tr. p. 28. She further testified that the contact from Stevenson, whether he "kicked [her] or pushed [her]," resulted in a "bruise on [her] leg." Id. He also put his hands around her neck. Id. A reasonable trier of fact could conclude by a preponderance of the evidence that Stevenson committed Class A misdemeanor domestic battery.

Finally, the crime of interfering with the reporting of a crime is committed when an individual:

5

who, with the intent to commit, conceal, or aid in the commission of a crime, knowingly or intentionally interferes with or prevents an individual from:

> (1) using a 911 emergency telephone system;
> (2) obtaining medical assistance; or
> (3) making a report to a law enforcement officer;

commits interference with the reporting of a crime, a Class A misdemeanor.

Ind. Code § 35-45-2-5.

The State also presented sufficient evidence that Stevenson prevented Anderson from calling law enforcement. Tr. p. 29. Specifically, Anderson attempted to call the police and testified that Stevenson stated, "[y]ou are not calling the cops." Id. As Anderson was dialing the number for the authorities, "[Stevenson] snapped [the phone] right in half." Id.

Although a single violation suffices for revocation of probation, the trial court reasonably concluded that Stevenson committed both crimes of domestic battery and interfering with reporting a crime. Further, Stevenson admitted a curfew violation. For all of these reasons, the evidence is sufficient to support the trial court's revocation of Stevenson's probation.

## II. Imposition of Sentence

Next, Stevenson argues that the trial court's decision to revoke his probation and order him to serve the remainder of his previously suspended sentence was an abuse of discretion. "We review a trial court's . . . sentencing decision in a probation revocation proceeding for an abuse of discretion." Abernathy v. State, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006) (citing Sanders v. State, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), trans.

6

denied). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court. Brattain v. State, 777 N.E.2d 774, 776 (Ind. Ct. App. 2002). We will not review the "propriety of an original sentence" when we are reviewing a trial court's decision to order execution of a previously suspended sentence subsequent to probation revocation. Abernathy, 852 N.E.2d at 1020 (citing Johnson v. State, 692 N.E.2d 485, 488 (Ind. Ct. App. 1998)).

Conditions of probation are designed to ensure a "genuine period of rehabilitation" and that the probationer does not harm those residing in a community. Id. (citing Brabandt v. State, 797 N.E.2d 855, 860 (Ind. Ct. App. 2003)). A defendant is not entitled to a probationary period; rather, it is a "matter of grace." Id. Probation is a conditional liberty that is a privilege, not a right. Perry v. State, 642 N.E.2d 536, 538 (Ind. Ct. App. 1994).

Indiana Code Section 35-38-2-3 authorizes the trial court to take one or more of the following actions if it finds that the accused has violated probation:

> 1) continue the person on probation, with or without modifying or enlarging the conditions; 2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; 3) order execution of all or part of the sentence that was suspended at the time of initial sentencing.

If a trial court finds that the defendant violated probation, the statute explicitly gives the trial court the authority to order the execution of the sentence that was suspended at the time of initial sentencing. See id. "[S]o long as proper procedures have been followed, the trial court may order execution of a suspended sentence after finding a violation by a

7

preponderance of the evidence." <u>Comer v. State</u>, 936 N.E.2d 1266, 1269 (Ind. Ct. App. 2010) (citing <u>Goonen v. State</u>, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999)).

Under the facts and circumstance before us, Stevenson's request for us to consider additional probation, community corrections, and alternative forms of sentencing would usurp the trial court's sentencing discretion. The trial court did not abuse its discretion in ordering Stevenson to serve his previously suspended sentence.

## Conclusion

We conclude that the trial court did not abuse its discretion when it revoked Stevenson's probation and ordered him to serve his previously suspended sentence in the Department of Correction.

Affirmed.

ROBB, C.J., and BAILEY, J., concur.