**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Aug 21 2012, 9:14 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK WILLIAMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1201-CR-4 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause Nos. 49G04-0708-FB-173916 & 49G04-0708-FD-174263

**August 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Mark Williams contends that the trial court abused its discretion in ordering him to serve his entire sentence that was suspended at the time of initial sentencing. Execution of Williams' entire previously suspended sentence under the circumstances presented in this case was not an abuse of the trial court's broad discretion in probation matters. We therefore affirm.

**Facts and Procedural History**

The State charged Williams with offenses in three separate cause numbers, and Williams and the State entered into a plea agreement covering all three cause numbers. Pursuant to this plea agreement, Williams pled guilty to Class A misdemeanor carrying a handgun without a license and Class C felony battery in Cause No. 49G04-0708-FB-168646 (Cause No. 168646), Class B felony burglary in Cause No. 49G04-0708-FB-173916 (Cause No. 173916), and Class D felony possession of marijuana in Cause No. 49G04-0708-FD-174263 (Cause No. 174263). In exchange, the State agreed to dismiss several other charges and that Williams' executed sentence would not exceed eight years.

Under Cause No. 168646, the trial court sentenced Williams to one year for carrying a handgun without a license and two years for battery, to be served concurrently. Under Cause No. 173916, the trial court sentenced Williams to ten years for burglary, with four years executed and six years suspended (three of which were to be served on probation). The trial court ordered the burglary sentence to be served consecutive to the sentences in Cause No. 168646. Finally, under Cause No. 174263, the trial court sentenced Williams to one year for possession of marijuana with all time not served

suspended.  The court placed Williams on probation for one year and ordered it to be served concurrent with the sentence in Cause No. 173916.

In August 2010, the State filed identical notices of probation violation in the burglary and marijuana cases only (Cause Nos. 173916 and 174263).  The trial court held a probation-revocation hearing in January 2011.  At this hearing, the State presented evidence that Williams was arrested on October 8, 2010.  Indianapolis Metropolitan Police Department Detective Garth Schwomeyer testified that members of the violent crime unit were conducting surveillance of Williams' brother, Martez Williams, on this particular day.  Martez, a convicted felon, was a suspect in a double homicide.  Detective Schwomeyer saw Williams and Martez exit a car and then enter a residence at 3701 Payton Avenue in Indianapolis, which was the address that Williams reported to probation as his home address.  An hour later, the Williams brothers left the residence. When Williams entered the driver side and started the car and Martez was preparing to enter the passenger side, the officers made the decision to take Martez into custody. When Detective Schwomeyer ordered Williams out of the car, he saw a handgun in plain view on the driver-side floorboard of the car.  Detective Schwomeyer also saw a box of ammunition near the cupholder in the front console area.  The officers also found drugs in the driver-side door handle.  As of result of these discoveries, the police arrested Williams for possession of a firearm by a serious violent felon and drug charges.  No charges were filed against Williams in connection with his October 8 arrest.  Williams testified that he knew his brother was a convicted felon but that he had received permission from his probation officer to associate and live with him.  A probation officer

3

testified that such permission was not given. In addition, Williams testified that he did not know the gun was in the car. The trial court revoked Williams' probation and sentenced him to his previously suspended sentence of six years.

Williams appealed under both cause numbers, and this Court reversed the trial court's revocation of Williams' probation because the trial court did not make written findings as to the evidence relied on and the reasons for revoking Williams' probation. *Williams v. State*, Cause No. 49A02-1101-CR-50 (Ind. Ct. App. Oct. 24, 2011). We therefore remanded the case to the trial court for the required findings. *Id.* On December 12, 2011, the trial court entered the following findings under both cause numbers:

> a). The State met their burden of showing by a preponderance of the evidence proof of allegation #9, that the defendant possessed a "firearm, destructive device, or other dangerous weapon or live in a residence where there is a weapon." Officer Schwomeyer testified credibly that he had probable cause to believe the defendant was in possession of a firearm: Officer Schwomeyer testified the defendant got in the driver's side of the vehicle where a gun was lying in plain view on the floorboard. Further, ammunition was in plain view in the front console of the car. This area of the car is under the direct control of the driver. The defendant got in the car on the driver's side and started the engine. The defendant had control of the area in which the gun and ammunition was located.

> b). The State met their burden by showing by a preponderance of the evidence proof of allegation #8, that the defendant violated the rule of probation that he "shall not associate with any person who is in violation of the law or a convicted felon." The court took judicial notice of the rules of probation at the request of the State of Indiana. The defendant testified he knew his brother Martez Williams was a convicted felon. The court believed and relied upon this statement by the defendant but found the defendant's testimony that he had permission from his probation officer to live at that address *with his brother Martez* to be self-serving and less than credible, especially in light of the probation officer[']s testimony that the supervising officer had stressed to the [d]efendant at an April 7

4

Administrative hearing that he was to have no contact with convicted felons.

Appellant's App. p. 107-08, 212-13.[1]

Williams appeals again under both cause numbers.

**Discussion and Decision**

Williams contends that the trial court abused its discretion by imposing "the entirety of [his] previously suspended sentence." Appellant's Br. p. 5. We review a trial court's sentencing decision for probation violations for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Conditions of probation are designed to ensure a "genuine period of rehabilitation" and that the probationer does not harm those residing in a community. *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006). A defendant is not entitled to a probationary period; rather, it is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Id.* (quotations omitted). Indiana Code section 35-38-2-3(h) authorizes a trial court to take one or more of the following actions if it finds that the accused has violated probation:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

---

[1] The trial court did not hold a new probation-revocation hearing. Rather, these findings are based upon the probation-revocation hearing that was held in January 2011 and that was the basis of the earlier appeal in this case.

If a trial court finds that the defendant violated probation, the statute explicitly gives the trial court the authority to order execution of the sentence that was suspended at the time of initial sentencing. That is, "so long as proper procedures have been followed, the trial court may order execution of a suspended sentence after finding a violation by a preponderance of the evidence." *Comer v. State*, 936 N.E.2d 1266, 1269 (Ind. Ct. App. 2010) (citing *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999)), *trans. denied*.

Williams, however, argues that proper procedures were not followed here because the trial court had already made up its mind to give him the full six years regardless of what the evidence proved to be and therefore the court failed to exercise its discretion as it was required to do. As support, Williams directs our attention to his January 2011 probation-revocation hearing. At the beginning of this hearing, the trial court reminded Williams that it had told him in September that it would give him "his full backup time for any future violation." Tr. p. 7. But, it appears that the trial court was referring to different probation-violation allegations that were taken under advisement. *See id.* at 7, 30. Regardless, the evidence shows that the trial court heard evidence and argument from both parties before reaching its decision. Moreover, the evidence presented fully warrants revocation and execution of Williams' entire previously suspended sentence.

Notably, Williams does not contest that he violated two conditions of his probation, that is, he possessed a firearm and ammunition and associated with his brother, a convicted felon who was being sought by police in connection with a double homicide. These were not minor violations of his probation. In addition, Williams has an extensive criminal history and has violated probation in the past. Williams left the trial court with

little choice but to sentence him to his previously suspended sentence of six years. Execution of Williams' entire previously suspended sentence under the circumstances presented here was not an abuse of the trial court's broad discretion in probation matters.

Affirmed.

MATHIAS, J., and BARNES, J., concur.