**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 09 2013, 8:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DEBORAH CHANDLER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 15A04-1211-CR-560 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No. 15D02-0606-FB-6

**May 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Deborah Chandler ("Chandler") appeals the trial court's revocation of her probation, raising for our review the single issue of whether the trial court abused its discretion when, upon revoking her probation, it ordered her to serve as executed time in the Indiana Department of Correction ten years of her sixteen-year suspended sentence.

We affirm.

**Facts and Procedural History**

On December 19, 2006, Chandler entered into a plea agreement with the State pursuant to which she agreed to plead guilty to Dealing in Heroin, as a Class B felony; the State agreed to dismiss three other criminal charges against her, and to recommend that the trial court impose a sentence of twenty years, with eighteen years suspended to probation. (App. at 14, 70.) The trial court accepted the plea agreement and entered judgment of conviction for one count of Dealing in Heroin, as a Class B felony, with a twenty-year sentence, eighteen years of which were suspended to probation. (App. at 96-98.) The trial court ordered Chandler to serve 382 days of her executed sentence through in-home detention. (App. at 68, 96.)

On January 11, 2007, the State filed a "Request for Probation Violation Hearing," alleging that Chandler had violated the terms of her probation by failing to report to the Southeast Regional Community Corrections office as requested, and by failing to return to her residence following an authorized trip. (App. at 87, 91-92.) On May 9, 2007, Chandler admitted that she had violated the terms of her probation. (App. at 99.) On August 8, 2007,

2

the trial court revoked a portion of Chandler's probation, ordering that she serve as executed time in the Department of Correction two years of her previously-suspended sentence; the court also ordered that she serve as executed time in the Department of Correction 362 days of her remaining in-home detention term. (App. at 109.) After completing the executed portion of her sentence, Chandler was to serve sixteen years of probation. (App. at 111.)

On December 30, 2010, the State filed a "Second [R]equest for Probation Violation Hearing" alleging that Chandler had again violated the terms of her probation. (App. at 117-18.) The State alleged that on December 20, 2010, the Kentucky Department of Corrections, Division of Probation and Parole ("Kentucky Probation and Parole") informed Chandler's probation officer that, on or about September 28, 2010, Chandler had been charged with "Operating a Motor Vehicle Under the Influence of Alcohol/Drugs, Failure to Wear Seat Belts, Instructional Permit Violations[,] and Possession of [an] Open Alcohol Beverage Container in a Motor Vehicle." (App. at 117-18.) The State further alleged that Chandler had failed to attend probation appointments with Kentucky Probation and Parole on October 19, 2010, and November 24, 2010, and that Chandler's whereabouts were unknown as of the filing of the second request for a probation violation hearing. (App. at 117-18)

At a hearing on October 2, 2012, Chandler entered into a plea agreement with the State pursuant to which she agreed to admit that she had violated the terms of her probation; the State agreed to recommend that Chandler serve executed time of 730 days in the Department of Correction Purposeful Incarceration program, and that her probation would terminate at the completion of the program. (Tr. at 8.) At the end of the hearing, the trial

3

court took the matter under advisement. (Tr. at 13-14.)

At a hearing on October 4, 2012, the trial court rejected the plea agreement, but Chandler nevertheless admitted that she had violated the terms of her probation. (Tr. at 14-18.) The trial court revoked ten years of her sixteen-year suspended sentence, and ordered her to serve that portion as executed time in the Indiana Department of Correction. Chandler now appeals.

**Discussion and Decision**

Chandler contends that "she has a drug addiction problem stemming from her childhood[,] . . . [that she] would benefit from drug treatment therapy[,] . . . and [that the trial court] should look to alternatives other than lengthy incarceration for those in need of drug rehabilitation." (Appellant's Br. at 6-7.) She argues that the trial court should have taken into account her need for treatment when determining the amount of time to revoke, and that the court's failure to do so was an abuse of discretion. (Appellant's Br. at 7-8.)

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). "[A] trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." Id. "An abuse of discretion occurs where the decision is clearly against the logic and the effect of the facts and circumstances." Id.

Upon finding a probation violation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-

4

3(g)(3) (2010).[1]  In sentencing a defendant for a probation violation, "[t]he consideration and imposition of any alternatives to incarceration are 'matters of grace' left to the discretion of the trial court."  Comer v. State, 936 N.E.2d 1266, 1269 (Ind. Ct. App. 2010), trans. denied.

Here, Chandler was twice afforded the opportunity to avoid most of a twenty-year prison sentence.  Even after she violated the terms of her probation the first time, the trial court ordered that she serve approximately three years as executed time.  And, although she served time in prison for this previous probation violation, she nevertheless failed to attend probation appointments with Kentucky Probation and Parole and admitted subsequent probation violations.

While Chandler may benefit from drug treatment therapy, the trial court is not obligated to look to alternatives other than incarceration for those who violate the terms of their probation.[2]  See id.  Given Chandler's unwillingness to comply with the terms of her probation, we cannot agree that the trial court abused its discretion when, upon revoking her probation, it ordered her to serve as executed time ten years of her sixteen-year suspended sentence.

## Conclusion

The trial court did not abuse its discretion when, upon revoking Chandler's probation,

---

[1] Relevant subsection recodified at I.C. § 35-38-2-3(h)(3), effective July 1, 2012.  We refer to the version of the statute in force at the time of the alleged crime.

[2] Chandler cites to Jordan v. State, 787 N.E.2d 993 (Ind. Ct. App. 2003), for the proposition that "the trial court violated a drug-addicted defendant's constitutional rights by failing to consider treatment as an alternative to incarceration." (Appellant's Br. at 7.)  However, Jordan addressed a criminal defendant's challenge to his sentence following a guilty plea.  Here, Chandler challenges the penalty imposed by the trial court following its revocation of her probation.  Therefore, Jordan is inapposite to this case.

it ordered her to serve as executed time in the Indiana Department of Correction ten years of her sixteen-year suspended sentence.

Affirmed.

NAJAM, J., and BARNES, J., concur.