DARRYL SHAWN MILLER *v.* STATE OF INDIANA.

[No. 575S119. Filed June 2, 1976.]

*James V. Tsoutsouris, John F. Hoehner,* of Valparaiso, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant entered a plea of guilty to the charge of first-degree murder. Following pre-sentence investigation he was sentenced to life imprisonment. The record discloses the following pertinent facts:

On the 16th day of August, 1974, the appellant entered the home of his in-laws where he shot his father-in-law who was asleep in bed and wounded his mother-in-law. He then abducted his 14 year old sister-in-law and raped her. Two

separate informations were filed against the appellant growing out of this instance. He was charged in cause number 74-PSCr-101 with the crimes of kidnapping, rape, assault and battery with intent to kill, first-degree burglary and automobile banditry. In cause number 74-PSCr-114 he was charged with the crime of first-degree murder. Public Defender James V. Tsoutsouris was appointed to represent the appellant.

On September 6, 1974, Mr. Tsoutsouris filed a motion for psychiatric examination in cause number 74-PSCr-101. The motion alleged that the attorney believed defendant to be insane at the time of the alleged offense and currently incompetent to stand trial. On the same day the trial court granted the motion and appointed Dr. Grant Metcalf and Dr. Frank Gogle to examine the appellant. Prior to receiving the report of the doctors pursuant to this order, appellant was, on the 13th day of September, 1974, arraigned on the charge of first-degree murder. The appellant entered the courtroom without his attorney, James V. Tsoutsouris, and stated that he did not wish to be represented by his attorney; that he wanted to enter a plea of guilty. After extensive examination of the appellant, he was permitted to plead guilty to the charge of first-degree murder.

On the 24th day of October, 1974, Mr. Tsoutsouris filed a motion on behalf of the appellant asking to withdraw his plea of guilty. After hearing argument on the matter the court denied the motion and sentenced the appellant to life imprisonment upon his plea of guilty. Mr. Tsoutsouris strongly argued to the trial court and argues to this Court that in view of the fact that a motion for psychiatric examination had been filed in the companion cause number and had, in fact, been granted by the court and doctors appointed pursuant thereto, that his client clearly came under IC 35-5-3.1-1 (Burns 1975), which reads as follows:

"When at any time before the final submission of any criminal cause to the court or jury trying the same, the

court, either from its own knowledge or upon the suggestion of any person, has reasonable ground for believing the defendant to be insane, the court shall immediately fix a time for a hearing to determine the question of the defendant's sanity and shall appoint two [2] competent disinterested physicians who shall examine the defendant upon the question of his sanity and testify concerning the same at the hearing. At the hearing, other evidence may be introduced to prove the defendant's sanity or insanity. If the court shall find that the defendant has comprehension sufficient to understand the nature of the criminal action against him and the proceedings thereon and to make his defense, the trial shall not be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall find that the defendant has no comprehension sufficient to understand the proceedings and make his defense, the trial shall be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall [find] that the defendant has no comprehension sufficient to understand the proceedings and make his defense, the court shall order the defendant committed to the department of mental health to be confined by the department in an appropriate psychiatric institution."

It is appellant's position that the facts of the case clearly demonstrate the trial judge had reasonable ground to believe that the appellant was insane and that, therefore, the statute mandates that the court immediately fix a time for a hearing and appoint two competent, disinterested physicians to examine the appellant. We agree with appellant's contentions in this regard.

There is also a question of a confession made by the appellant prior to his entering a plea of guilty. The record in this case indicates this confession was made of appellant's own free will and without duress. However, this would not pertain if it does, in fact, develop that appellant is not competent.

We, therefore, find that the trial court erred in refusing to defer accepting appellant's plea of guilty until two competent, disinterested physicians could be appointed and hearing had to determine whether or not the appellant had comprehension sufficient to understand the proceedings and make his defense.

We, therefore, remand this case to the trial court with instructions to set aside his sentence of the appellant; to appoint two disinterested physicians to examine the appellant; and to conduct a hearing as to appellant's comprehension to understand the proceedings and to make his defense. If it be determined that appellant is competent and was competent at the time of making his confession and entering his plea of guilty, the court may then proceed to sentence him accordingly. If, on the other hand, a determination is made that appellant was incompetent at such times, the trial court should then proceed under the statute.

Arterburn, DeBruler and Prentice, JJ., concur; Hunter, J., concurs in part and dissents in part with opinion.

OPINION CONCURRING IN PART AND DISSENTING IN PART

HUNTER, J.—The facts set forth in the majority opinion illustrate, and I understand the majority to hold, that the trial court of its own knowledge had reasonable ground for believing the defendant to be insane when he walked into the courtroom for arraignment. The "reasonable ground" was the motion for psychiatric examination filed with and granted by the court seven days before the arraignment herein in a separate but related cause. The clear mandate of Ind. Code § 35-5-3.1-1 (Burns 1975) is that whenever the trial court has reasonable ground to believe the defendant is insane, the court must instanter cease and desist from further proceedings, unless and until examining physicians are appointed, the competency hearing is held and the court finds that the defendant has comprehension to stand trial. If the trial court would have followed the statute precisely, he would have appointed physicians to examine appellant and set the competency hearing in this cause at the same time he appointed physicians in the related cause. At least he should have done so when the defendant entered the courtroom without counsel for his arraignment, and the majority so holds. Rather than allow the plea to be withdrawn, however, the majority lets it stand

pending the outcome of a competency hearing. There is nothing in the statute which authorizes the trial court to order the appointment of examining physicians, set a competency hearing, and then proceed with the case prior to conducting the competency hearing. The remand fashioned by the majority reads this procedure into the statute and in my opinion invites trial judges to ignore the statutory mandate.

In remanding for an after-the-plea determination of appellant's sanity at the time the plea was entered, the majority also places the defense in the awkward position of calling the trial judge as a witness at the competency hearing for the purpose of questioning him about appellant's demeanor, etc. at the time the plea was accepted.

For the reasons expressed above, I would order the trial court to allow appellant to withdraw his plea and to appoint the physicians and hold the hearing as required by Ind. Code § 35-5-3.1-1 (Burns 1975).

NOTE.—Reported at 348 N.E.2d 14.