**Malcolm ARMOUR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–1008–CR–879.**

Court of Appeals of Indiana.

April 25, 2011.

Publication Ordered May 5, 2011.

---

Deborah Markisohn, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Malcolm Armour appeals the trial court's denial of his Demand for Trial Setting and Motion to Transport Defendant to Marion County Jail for Purpose of Trial Preparation or Competency Evaluation. Armour raises two issues, one of which we find dispositive and restate as whether the trial court abused its discretion in denying Armour's request for a competency evaluation.[1] We reverse and remand.

The relevant facts as described in the probable cause affidavit follow. On August 31, 2008, Armour forced his way through the front door of an apartment of a woman who did not know Armour. Armour was "screaming and he wanted children." Appellant's Appendix at 17. The woman, a man, and a friend forced Armour out of the apartment. An Indianapolis Police Officer arrived and observed Armour acting "very erratic." *Id.* When the police officer exited his vehicle, Armour began growling, charged the police officer with his fists clenched, and stated: "You're dead, you're dead, you're dead." *Id.* The police officer drew his taser and eventually arrested Armour. According to the probable cause affidavit, the officer thought that Armour had possibly smoked "wet" which is "formaldehyde on possibly a cigarette." *Id.* Armour later stated to

1. Armour also raises the issue of "[w]hether the trial court abused its discretion when it denied the accused's demand for trial, finding him unavailable because he is held in a state hospital under a civil commitment, effectively violating the open courts clause of the Indiana Constitution." Appellant's Brief at 1. Because we reverse and remand on the basis that the trial court abused its discretion by denying Armour's request for a competency evaluation, we need not address this issue.

doctors that he smoked "wet" on a cigarette. *Id.*

On September 3, 2008, the State charged Armour with attempted residential entry as a class D felony. At an initial hearing on September 4, 2008, Armour appeared in person and a person identified in the record as "Mr. Trent" stated "Midtown would like for Mr. Armour to be admitted to Wishard Hospital when we have a bed available."[2] Transcript at 12. Trent also indicated that Armour was an active patient with Midtown. The court addressed Trent's request to transfer Armour to Wishard Hospital and stated: "[R]ather than being held at the Marion County Jail[,] I think that seems appropriate. The Court does grant the motion to transfer Mr. Armour to Wishard Hospital when a bed is available." *Id.* at 14. The court subsequently issued a Prisoner Transport Order and an order transferring the case which stated: "Comes now the Court, *sua sponte* and now finds the defendant in the above named case is eligible for transfer to Court F08 pursuant to Mental Health." Appellant's Appendix at 27.

On September 10, 2008, the court held a hearing, and Armour's counsel informed the court that commitment papers were filed regarding Armour. On September 25, 2008, the court held a hearing, and Armour's counsel informed the court that Armour was in Wishard Hospital's inpatient psychiatric unit. Armour's counsel also indicated that Armour was "getting ready to go to state hospital." Transcript at 24. On December 11, 2008, counsel indicated that Armour was in Larue Carter Hospital. On March 6, 2009, counsel informed the court that Armour was transported to Larue Carter Hospital based upon a civil commitment and was receiving

inpatient treatment. On September 25, 2009, the court and Armour's counsel discussed Ind. Criminal Rule 4 and at one point the court stated:

My question is if he's not going to be available because the person is incompetent, whether I sent them there or another court through a civil commitment sent them there. You might ask the docs at Larue Carter, is he competent and if so what you can do to get something. . . .

*Id.* at 45.

On April 13, 2010, Armour filed a motion to dismiss and discharge pursuant to Ind. Criminal Rule 4(C). At a June 15, 2010 hearing on Armour's motion to dismiss, the court stated: "I wish I had something clearer from the State, no, from the hospital about his, difficulty of trying him." *Id.* at 73. On June 16, 2010, the court denied Armour's motion and stated in part:

On October 16, 2008, Armour was transported by Wishard to Larue Carter State Hospital pursuant to a civil commitment in 49D089809MH000424, Armour has been continuously in a state hospital, Larue Carter Hospital, pursuant to a civil commitment out of Marion County, 49D089809MH000424, continued on that commitment on September 21, 2009.

Armour is unavailable for trial.

Armour has not been determined to be incompetent to stand trial.

Appellant's Appendix at 41–42.

On June 21, 2010, Armour filed a Demand for Trial Setting and Motion to Transport Defendant to Marion County Jail for Purpose of Trial Preparation or Competency Evaluation. Armour argued

**2.** Without citation to the record, Armour states that "[a]t the time of this hearing, Trent served as the Forensic Mental Health Coordinator for Midtown Community Mental Health." Appellant's Brief at 5 n. 6.

that he had been "openly held at Larue Carter Hospital continuously since September 23, 2008 pursuant to a civil commitment based upon his judicially determined 'grave disability.'" *Id.* at 43. Armour also argued that he "has not been determined incompetent to stand trial, however, based on his lengthy commitment at state facilities, Defendant's competency may be at issue." *Id.* On July 9, 2010, the court denied Armour's motion. On August 30, 2010, this court accepted jurisdiction of the appeal pursuant to Ind. Appellate Rule 14(B).

■ The issue is whether the trial court abused its discretion in denying Armour's request for a competency evaluation. Armour argues that the court erred when it refused to transport him to evaluate him for competency. The State agrees that remand is appropriate so that Armour's competency may be assessed.

■ Ind.Code § 35–36–3–1 provides in relevant part:

> If at any time before the final submission of any criminal case to the court or the jury trying the case, the court has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of a defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability.

"A court is required to hold a hearing to determine the defendant's competency to stand trial only when it is confronted with evidence creating a reasonable doubt about the defendant's competency." *Haviland v. State,* 677 N.E.2d 509, 516 (Ind.1997). "Whether reasonable grounds exist to order an evaluation of competency is a decision assigned to the sound discretion of the trial court, reviewable only for an abuse of discretion." *Id.*

The record reveals that the court was aware that Armour had been ordered to be committed by another court and that Armour was receiving psychiatric treatment initially at Wishard Hospital and later in a state hospital for an extended period. The court's comments also suggest that there were reasonable grounds for believing that Armour lacked the ability to understand the proceedings and assist in the preparation of a defense. Specifically, on September 25, 2009, the court told Armour's counsel: "You might ask the docs at Larue Carter, is he competent and if so what you can do to get something...." Transcript at 45. At the June 15, 2010 hearing on Armour's motion to dismiss, the court stated: "I wish I had something clearer from the State, no, from the hospital about his, difficulty of trying him." *Id.* at 73. Under the circumstances, we conclude that the trial court abused its discretion in denying Armour's motion for a competency evaluation. *See Miller v. State,* 264 Ind. 548, 550–551, 348 N.E.2d 14, 15–16 (1976) (holding that the facts of the case demonstrated that the trial judge had reasonable grounds to believe that the appellant was insane and that, therefore, the court erred by not immediately fixing a time for a hearing and appointing two competent, disinterested physicians to examine the appellant).

For the foregoing reasons, we reverse the trial court's denial of Armour's motion for a competency evaluation and remand for proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J., and BAILEY, J., concur.

### ORDER

Appellant, by counsel, has filed a Verified Motion to Publish Memorandum Decision.

Having reviewed the matter, the court FINDS AND ORDERS AS FOLLOWS:

1. Appellant's Verified Motion to Publish Memorandum Decision is GRANTED, and this Court's opinion handed down on April 25, 2011, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

FRIEDLANDER, BAILEY, BROWN, JJ., concur.