**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Feb 28 2012, 9:11 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DWAYNE K. ALLEN**
Wabash Valley Correctional Facility
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DWAYNE K. ALLEN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1101-PC-52 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-0912-PC-211

**February 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Dwayne K. Allen was convicted of multiple offenses stemming from a purse snatching and assault of an elderly woman in a discount store parking lot and the police chase that ensued. He later filed a petition for post-conviction relief, which was granted in part and denied in part. The post-conviction court granted his petition as it pertained to two counts of class B felony attempted aggravated battery and vacated those convictions. As a result, the court resentenced him accordingly without holding a sentencing hearing.

Allen now appeals, claiming that the post-conviction court erred in denying his claim for ineffective assistance of appellate counsel based on counsel's failure to challenge the trial court's denial of his request for a competency evaluation and challenging the post-conviction court's decision not to hold a new sentencing hearing. Finding no error, we affirm.

**Facts and Procedural History**

In the pre-dawn hours of February 10, 1999, Allen approached sixty-three-year-old Modestine Mahepath as she was attempting to enter a Kokomo Meijer store. He grabbed her purse and knocked her to the ground, leaving her with a broken arm. Immediately thereafter, eyewitnesses directed the police to Allen's vehicle, and Kokomo police officers gave chase. After chasing Allen for several blocks, the officers rammed the rear of his vehicle, and he exited the vehicle and fled on foot. Two officers confronted him in a fenced yard, and when the officers saw him raise and point a handgun at them, they shot him. Nearby, they found two 9mm handguns, one of which had been recently fired. They arrested Allen and took him to a local hospital for treatment. In subsequent searches of his clothing and vehicle, police

2

found two cocaine-laden smoking devices as well as Mahepath's driver's license, social security card, and personal checkbook.

On February 11, 1999, the State charged Allen with class A felony robbery resulting in serious bodily injury, class C felony cocaine possession, class D felony criminal recklessness with a deadly weapon, class D felony resisting law enforcement by fleeing, and class D felony resisting law enforcement with a deadly weapon. On June 20, 2000, the trial court held a pretrial hearing during which the defense requested a competency determination, which the trial court denied. The defense renewed its motion at the beginning of Allen's June 27, 2000 jury trial, and the trial court again denied it. Also before trial, the State dismissed the cocaine possession and criminal recklessness charges. After the evidence was presented, Allen filed a motion for mistrial, which the trial court granted.

That same day, the State corrected immaterial defects by filing an amended count of class D felony criminal recklessness with a deadly weapon, an amended count of class D felony resisting law enforcement by fleeing, and an amended count of class D felony resisting law enforcement with a deadly weapon. The State also filed two new counts of class B felony attempted aggravated battery for offenses that were listed in the probable cause affidavit but not previously filed as separate offenses.

On February 20, 2001, Allen's second jury trial began, and the defense again requested a competency determination. The trial court denied the request and removed Allen as his own co-counsel due to Allen's attempts to introduce statements that might have resulted in a mistrial. The jury convicted Allen on all counts, and the trial court sentenced

3

him to an aggregate seventy-six-year term. The sentence consisted of fifty years for class A felony robbery, three years for class D felony resisting law enforcement conviction, three years for class D felony criminal recklessness, and two twenty-year concurrent terms for the class B felony attempted aggravated battery convictions. Aside from the two concurrent class B felony convictions, all terms were to run consecutively. At sentencing, the trial court vacated the amended count IV class D felony resisting law enforcement conviction, presumably on double jeopardy grounds.

Allen subsequently filed a direct appeal, claiming that the trial court erred when it ordered that he be removed as co-counsel. In December 2001, another panel of this Court affirmed the trial court's ruling. *Allen v. State*, No. 34A04-0104-CR-160 (Ind. Ct. App. Dec. 19, 2001).

On April 19, 2002, Allen filed a pro se petition for post-conviction relief. Over time, he filed amended petitions, and the post-conviction court instructed him to re-file the petition in proper format with all amendments properly incorporated. Finally, on November 27, 2006, he filed an amended post-conviction petition listing numerous allegations of ineffective assistance of trial and appellate counsel as well as other free-standing claims. The post-conviction court held a hearing, during which both trial and appellate counsel testified regarding their respective strategies. After the hearing, the court issued an order granting the post-conviction petition in part and denying it in part. Specifically, the court granted the petition as it pertained to Allen's claim that trial counsel was ineffective in failing to object to the State's addition of two new class B felony counts of attempted aggravated battery and

4

vacated those convictions. The post-conviction court also granted the petition with respect to his claim regarding an error in consecutive sentencing, i.e., that criminal recklessness and resisting law enforcement were not crimes of violence and were based on acts that were part of a single episode of criminal conduct and were thus subject to limitations on consecutive sentencing.[1] As a result, the post-conviction court determined that the sentence for all convictions running consecutive to the robbery conviction must be capped at four years, the presumptive sentence for a class C felony. Appellant's App. at 170. Thus, the court resentenced Allen to an aggregate fifty-four-year term without holding a sentencing hearing. The court denied his petition in all other respects. Allen now appeals the post-conviction court's partial denial of his petition. Additional facts will be provided as necessary.

**Discussion and Decision**

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Henley v. State*, 881 N.E.2d 639, 643 (Ind. 2008). When appealing a denial of his petition for post-conviction relief, the petitioner stands in the position of one appealing a negative judgment. *Id.* When reviewing the judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006). We neither reweigh evidence nor judge witness credibility. *Id.* To prevail on appeal from the denial of his post-conviction petition, the petitioner must demonstrate that the evidence as a whole

---

[1] Ind. Code § 35-50-1-2(c).

leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Henley*, 881 N.E.2d at 643-44. Where, as here, the post-conviction court enters findings of fact and conclusions of law, we will reverse the findings and judgment "only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. at 644 (citation omitted).

## I. Ineffective Assistance of Counsel

Allen first contends that he was denied his right to effective assistance of counsel as guaranteed by the United States and Indiana Constitutions. A defendant must satisfy two components to prevail on an ineffective assistance claim. *Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005), *trans. denied*. He must demonstrate both deficient performance and prejudice resulting from it. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is representation that fell below an objective standard of reasonableness, wherein counsel has "committ[ed] errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Brown v. State*, 880 N.E.2d 1226, 1230 (Ind. Ct. App. 2008), *trans. denied*. We assess counsel's performance based on facts that are known at the time and not through hindsight. *Shanabarger v. State*, 846 N.E.2d 702, 709 (Ind. Ct. App. 2006), *trans. denied*. "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." *Ritchie v. State*, 875 N.E.2d 706, 714 (Ind. 2007). "Counsel is afforded considerable discretion in choosing strategy and tactics, and these decisions are entitled to deferential review." *Stevens v. State*, 770 N.E.2d 739, 746-47 (Ind. 2002), *cert. denied*

6

(2003).  "Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective."  *Id*. at 747.  Prejudice occurs when a reasonable probability exists that "but for counsel's errors the result of the proceeding would have been different."  *Brown*, 880 N.E.2d at 1230.  We can dispose of claims upon failure of either component.  *Id*.

In this appeal, Allen's ineffective assistance claim concerns the performance of his appellate counsel.  The standard of review for a claim of ineffective assistance of appellate counsel is identical to the standard for trial counsel.  *Lowery v. State*, 640 N.E.2d 1031, 1048 (Ind. 1994), *cert. denied* (1995).  The petitioner must establish deficient performance by appellate counsel resulting in prejudice.  *Id*.  "Ineffective assistance of appellate counsel claims generally fall into three basic categories:  (1) denial of access to an appeal, (2) waiver of issues, and (3) failure to present issues well."  *Henley*, 881 N.E.2d at 644.  "[T]he decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel."  *Reed v. State*, 856 N.E.2d 1189, 1196 (Ind. 2006).  For countless years, experienced advocates have "emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues."  *Bieghler v. State*, 690 N.E.2d 188, 194 (Ind. 1997) (citation and quotation marks omitted), *cert. denied* (1998).  Thus, when reviewing these types of claims, we should be particularly deferential to appellate counsel's strategic decision to exclude certain issues in favor of other issues believed to be more likely to result in a reversal.  *Id*.  As a result, "[i]neffective assistance is very rarely found in cases where a defendant asserts that appellate

7

counsel failed to raise an issue on direct appeal." *Reed*, 856 N.E.2d at 1196.

Specifically, Allen asserts that his appellate counsel was ineffective for failing to challenge the trial court's denial of his petition for an evaluation to determine whether he was competent to stand trial.

> To show that counsel was ineffective for failing to raise an issue on appeal thus resulting in waiver for collateral review, the defendant must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly deferential. *Ben-Yisrayl v. State*, 738 N.E.2d 253, 260-61 (Ind. 2000). To evaluate the performance prong when counsel waived issues upon appeal, we apply the following test: (1) whether the unraised issues are significant and obvious from the face of the record and (2) whether the unraised issues are "clearly stronger" than the raised issues. *Timberlake v. State*, 753 N.E.2d 591, 605-06 (Ind. 2001).

*Henley*, 881 N.E.2d at 645 (quotation marks omitted).

Regarding competency, Indiana Code Section 35-36-3-1 provides in pertinent part,

> If at any time before the final submission of any criminal case to the court or the jury trying the case, the court has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of a defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability.

"A court is required to hold a hearing to determine the defendant's competency to stand trial only when it is confronted with evidence creating a reasonable doubt about the defendant's competency." *Armour v. State*, 948 N.E.2d 810, 813 (Ind. Ct. App. 2011) (citation and quotation marks omitted). The question of whether reasonable grounds exist to order a competency evaluation is a matter left to the trial court's discretion, reviewable only for an abuse of discretion. *Id*.

The record before us does not include the complete transcript of the hearings at the

trial court level.[2]  Rather, it contains exhibits consisting of isolated excerpts from various proceedings in the trial court.   Among those is an unequivocal statement by the trial court in response to the numerous requests for a competency evaluation:

> [TRIAL COURT]:   Well, if I thought it had merit I'd certainly grant it regardless of whether it was raised late or not but I sat here and also listened to Mr. Allen and I had the opposite conclusion.  I think he's very intelligent.  He has maybe some problem putting his thoughts together but I think he knew exactly what he was doing.  I have to trust that when he says he can't remember he can't remember for whatever reason but I saw nothing to indicate today that he's not competent to stand trial so I'll deny that motion.

Pet. Ex. E.  Although the trial court also stated that it doubted Allen's competency to serve as his own co-counsel, specifically to deliver opening and closing arguments, Pet. Ex. F, this is not tantamount to a doubt as to his competency to stand trial.  *See Indiana v. Edwards*, 554 U.S. 164, 177-78 (2008) (holding that a person may be competent to stand trial even when he lacks the competency to conduct his own defense).  Allen presented no evidence at the post-conviction hearing in support of a claim that he did not understand the proceedings at trial. Based on the limited record before us, we conclude that Allen has not met his burden of proving by a preponderance of the evidence that his appellate counsel provided ineffective assistance by not raising the issue of a competency evaluation.

## II.  Sentencing

Allen also contends that the post-conviction court erred by revising his sentence rather than ordering that he be resentenced via a hearing with counsel present.  He predicates this

---

[2]  The trial record was not admitted in this post-conviction proceeding because this Court denied Allen's request for release.  However, in its December 2010 order denying post-conviction relief, the post-conviction court stated that it had considered the trial record below.  Appellant's App. at 147.

claim upon an assertion that his sentence was "erroneous." *See* Ind. Code § 35-38-1-15 ("If a convicted person is erroneously sentenced, the … sentence shall be corrected after written notice is given to [him]. The convicted person and his counsel must be present when the corrected sentence is ordered.").[3] Correction of a sentence pursuant to the erroneous sentence statute is appropriate only when the sentence is "erroneous on its face." *Bauer v. State*, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007), *trans. denied* (2008). Our supreme court has held that the "facially erroneous" prerequisite should be strictly applied, meaning that the error must be "clear from the face of the judgment imposing the sentence in light of the statutory authority" and that claims requiring consideration of the proceedings before, during, or after trial may not be presented as erroneous sentences pursuant to Indiana Code Section 35-38-1-15.[4] *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004).

> Indiana Code Section 35-50-1-2(c) states in pertinent part,
>
> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment … to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class felony higher than the most serious of the felonies for which the person has been convicted.

Here, the post-conviction court's revision of Allen's sentence from a seventy-six-year

---

[3] We note that Allen does not cite this statute in his brief, but we presume that it is the basis of his claim. The only authority that Allen cites in his brief is *Fight v. State*, 768 N.E.2d 881 (Ind. 2002). In that case, it was undisputed that the crimes were part of a single episode of criminal conduct, and thus, the only issue was whether Fight's crimes were crimes of violence, an issue readily resolved by reference to the consecutive sentencing statute and without the need to delve into the facts and circumstances surrounding his offenses. Consequently, we find Allen's reliance on *Fight* to be misplaced.

[4] Indiana Code Section 35-38-1-15 addresses motions to correct an erroneous sentence. Although Allen did not raise his erroneous sentence claim via such a motion, he now raises it in this appeal.

aggregate term[5] to a fifty-four-year aggregate term reflects (1) its act of vacating the two class B felony concurrent twenty-year sentences, and (2) its determination that the trial court erred in sentencing Allen based on a factual finding that all of Allen's offenses, whether committed against Mahepath or against the police officers, were part of a single episode of criminal conduct and that Allen's two class D felony convictions, resisting law enforcement by fleeing and criminal recklessness with a deadly weapon, are not listed as crimes of violence. "[T]he singleness of a criminal episode should be based on whether the alleged conduct was so closely related in time, place and circumstances that a complete account of one charge cannot be related without referring to details of the other charge." *Ballard v. State*, 715 N.E.2d 1276, 1280 (Ind. Ct. App. 1999) (citation and quotation marks omitted). Resort to "details" of various charges indicates that such a determination generally is not clear from the face of the judgment imposing the sentence." *Robinson*, 805 N.E.2d at 787. Here, nothing on the face of the abstract of judgment indicates that Allen's sentence was erroneous. Pet. Ex. I. Instead, the determination of the singleness of Allen's criminal episode required an examination of the facts and circumstances surrounding the offenses. Thus, it is not amenable to an "erroneous sentence" claim.

Allen states no other grounds and cites no other authority requiring a sentencing hearing. He therefore has waived this argument pursuant to Indiana Appellate Rule 46(A)(8), which requires that every contention be supported by citations to the authorities,

---

[5] The scant record in this appeal does not include a transcript of the original sentencing hearing.

statutes, and parts of the record on which the Appellant relies. *Comer v. State*, 936 N.E.2d 1266, 1268 (Ind. Ct. App. 2010), *trans. denied* (2011).

Waiver notwithstanding, we note that the fifty-four-year sentence imposed by the post-conviction court falls within the parameters of Indiana Code Section 35-50-1-2(c). Thus, a separate hearing at this juncture would not require a different result, and Allen has failed to establish prejudice. Based on the foregoing, we conclude that Allen is not entitled to a separate resentencing hearing. Accordingly, we affirm the post-conviction court in all respects.

Affirmed.

MAY, J., and BROWN, J., concur.